[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13165
Non-Argument Calendar
_____

D.C. Docket No. 1:99-cr-00716-DMM-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL HERNANDEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 8, 2013)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Gabriel Hernandez, a pro se federal prisoner, appeals the district court's denial of his motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 599 to the Sentencing Guidelines.  After review, we affirm.

## I.  BACKGROUND

### A.    Conviction and Sentence

In 2000, a jury convicted Hernandez of conspiracy and attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Counts 1 and 2), and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 3).

Hernandez's convictions stemmed from a plan to rob a stash house that he and his coconspirators believed contained 30 kilograms of cocaine and $2,000,000. While awaiting trial, Hernandez provided false information to U.S Pretrial Services officers, including misrepresenting his name, identification, citizenship and criminal history.  Hernandez's misrepresentations continued before a magistrate judge when he gave false statements about himself and continued to conceal his true identity and criminal history while seeking pretrial release.

Hernandez initially reported that he was Gabriel Hernandez and was born in the Commonwealth of Puerto Rico, and thus a U.S. citizen.  However, during his presentence investigation interview, Hernandez finally revealed that he was born Daniel Ruiz-Rodriguez in the Dominican Republic.  Under the name Daniel Ruiz-

Rodriguez, Hernandez had numerous pending criminal charges, including rape, statutory rape, indecent assault, indecent exposure, corruption of minors, criminal conspiracy to commit delivery of cocaine, burglary, theft, and robbery in the second degree.

At sentencing, the district court, among other things, applied a two-level "specific offense characteristic" increase to Hernandez's offense level on Counts 1 and 2 because he possessed a firearm. See U.S.S.G. § 2D1.1(b)(1). Hernandez's total offense level of 38 and criminal history category of I yielded a guidelines range of 235 to 293 months' imprisonment. The district court imposed concurrent 235-month sentences on Counts 1 and 2 and a mandatory 60-month consecutive sentence on Count 3, for a total 295-month sentence. This Court affirmed Hernandez's convictions and sentences on appeal. See United States v. Hernandez, 275 F.3d 52 (11th Cir. 2001) (unpublished) (table).

**B.    Section 3582(c)(2) Motion Based on Amendment 599**

On November 1, 2000, Amendment 599 amended the commentary to U.S.S.G. § 2K2.4, which provides the base offense level for a defendant who commits a § 924(c) firearm offense. After Amendment 599, if the district court imposes a § 924(c) sentence "in conjunction with a sentence for an underlying offense," the court "do[es] not apply any specific offense characteristics for possession, brandishing, use, or discharge of an explosive or firearm when

3

determining the sentence for the underlying offense." U.S.S.G. app. C, amend. 599.

In 2011, Hernandez filed a pro se § 3582(c)(2) motion based on Amendment 599. Hernandez argued that he was entitled to a sentence reduction because at his original sentencing he received the two-level specific offense characteristic enhancement under U.S.S.G. § 2D1.1(b)(1).

The government conceded that Hernandez was eligible for resentencing based on Amendment 599, but argued that Hernandez's 235-month concurrent sentences on Counts 1 and 2 should remain intact. The government emphasized, among other things, the nature of Hernandez's crimes and the fact that Hernandez lied about his identity and criminal history to pretrial services and to a magistrate judge. The government also pointed out that Hernandez's 235-month sentence still falls within the new guidelines range of 188 to 235 months after Amendment 599.

In reply, Hernandez stressed that: (1) the stash house robbery was staged and orchestrated by the government; (2) his pre-trial obstruction already was accounted for in a sentencing enhancement; (3) he was at low risk of recidivism given his projected age at release and minimal criminal history; (4) he was not a danger to the U.S. public because he would be deported to the Dominican Republic upon release; (5) he had shown post-incarceration rehabilitation; and (6) a reduction in his sentence would reduce prison costs and overcrowding.

4

The district court denied Hernandez's § 3582(c)(2) motion.  The district court stated that it had reviewed all of the filings in Hernandez's case and the original presentence investigation report.  The district court recalculated Hernandez's sentencing range under Amendment 599 and found that, with the new offense level of 36 and criminal history category of I, the resulting amended guidelines range was 188 to 235 months.  The district court also noted that Hernandez's original 235-month sentence is within the new amended guidelines range.

In denying the § 3582(c)(2) motion, the district court found that Hernandez's original 235-month sentence was appropriate in accordance with the § 3553(a) factors, as follows:

> Defendant was convicted of taking part in a violent plan to conduct an armed robbery of at least twenty five kilograms of cocaine and up to two million dollars in cash from a stash house.  Prior to trial, Defendant attempted to obtain pretrial release by lying to a probation officer about his identity and criminal history.  These are serious offenses and the public needs to be adequately protected from further criminal activity by this defendant.  In light of these events, the Court finds that the previously imposed sentence of 235 months is appropriate and in accordance with the factors set forth in § 3553.

Hernandez filed this pro se appeal.

## II.  DISCUSSION

In considering a motion for a sentence reduction under § 3582(c)(2), the district court engages in a two-step process.  United States v. Bravo, 203 F.3d 778,

5

780 (11th Cir. 2000).  First, the district court "must recalculate the sentence under the amended guidelines" by substituting the new offense level and using it to determine the new guidelines range.  Id.  Second, if the defendant's amended guidelines range is lower, the district court must decide, in light of the 18 U.S.C. § 3553(a) factors and in its discretion, whether it will impose a new sentence within the amended guidelines range or retain the original sentence.  Id. at 781.[1] The parties agree that the district court correctly calculated Hernandez's amended guidelines range, so the only question is whether the district court abused its discretion in denying a sentence reduction.  See United States v. James, 548 F.3d 983, 984 n.1 (11th Cir. 2008) ("Once it is established that 18 U.S.C. § 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed only for abuse of discretion.").

Here, the district court recognized it had discretion to impose a lower sentence, but explained that a sentence reduction was inappropriate because of the seriousness of Hernandez's offenses, his attempts to obstruct justice and the need to protect the public.  The district court further noted that Hernandez's original

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, (3) the need to promote respect for the law and afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with education and vocational training and medical care; (6) the kinds of sentences available; (7) the guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1)-(7).

235-month sentence was appropriate and "in accordance with the factors set forth in § 3553." While the district court did not expressly consider all the mitigating facts raised in Hernandez's motion, it was not required to do so. See United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009) (explaining that the district court "is not required to articulate the applicability of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court" (internal quotation marks omitted)). Moreover, it was permissible for the district court to consider facts used to calculate Hernandez's amended guidelines range, such as his obstructive conduct, in evaluating the § 3553(a) factors. See United States v. Amedeo, 487 F.3d 823, 833-34 (11th Cir. 2007).

Hernandez contends that when his mitigating facts are properly considered under § 3553(a), a sentence reduction is warranted. In essence, Hernandez asks us to reweigh the § 3553(a) factors, which is something we do not do. See United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009). Given the seriousness of Hernandez's drug trafficking and firearm offenses and his attempts to obstruct justice prior to his trial, the district court did not abuse its discretion in deciding to

7

retain Hernandez's original 235-month sentence, which falls within the amended guidelines range.[2]

**AFFIRMED.**

---

[2]Hernandez's appeal brief states, without further discussion or legal analysis, that his 235-month sentence "should be modified to prevent a double jeopardy violation."  Even assuming arguendo that Hernandez adequately raised this issue, it is outside the scope of his § 3582(c)(2) proceeding.  See United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) (stating that § 3582(c)(2) does not grant to the court jurisdiction to consider extraneous resentencing issues).