[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15257
Non-Argument Calendar
_____

D.C. Docket No. 1:99-cr-00716-DMM-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL HERNANDEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 6, 2017)

Before HULL, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Gabriel Hernandez appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. This is Hernandez's third § 3582(c)(2) motion and his second § 3582(c)(2) motion based on Amendment 599 of the Sentencing Guidelines. After review, we conclude the district court lacked jurisdiction to rule on Hernandez's second § 3582(c)(2) motion based on Amendment 599.

After a 2000 jury trial, Hernandez was found guilty of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count 1"); attempting to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 2 ("Count 2"); and using and carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) and 2 ("Count 3"). For Counts 1 and 2, the district court calculated an advisory guidelines range of 235 to 293 months, which included an enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). The district court imposed concurrent 235-month sentences on Counts 1 and 2, and a mandatory-minimum, consecutive 60-month term on Count 3, for a total sentence of 295 months' imprisonment.

## I.  FIRST § 3582(c)(2) MOTION

In 2011, Hernandez filed his first § 3582(c)(2) motion, which was based on Amendment 599. Amendment 599 clarified that a defendant should not receive an

enhancement for using, brandishing, or discharging a firearm during an underlying offense where, like Hernandez, the defendant is also convicted of a § 924(c) offense.  See U.S.S.G. app. C, amend. 599; U.S.S.G. § 2K2.4 cmt. n.4.

On April 20, 2012, the district court denied Hernandez's motion.  The district court concluded that Hernandez was eligible for a sentence reduction under Amendment 599, but denied the motion because Hernandez's original 235-month sentence on Counts 1 and 2 fell within the new guidelines range of 188 to 235 months and remained the appropriate sentence under the 18 U.S.C. § 3553(a) factors.  The district court stressed the seriousness of Hernandez's offense, in which he planned to take part in a violent, armed robbery of a stash house to obtain at least 25 kilograms of cocaine and up to $2 million in cash, and Hernandez's lies to a probation officer about his identity and criminal history in an attempt to obtain pretrial release.  This Court affirmed the denial of Hernandez's first § 3582(c)(2) motion.  See United States v. Hernandez, 515 F. App'x 872 (11th Cir. 2013).

## II.  SECOND § 3582(c)(2) MOTION

In February 2015, Hernandez filed a second § 3582(c)(2) motion based on Amendment 782, which lowered the base offense levels for many drug offenses. See U.S.S.G. app. C, amend. 782.  This time, the district court granted Hernandez's motion and reduced his concurrent sentences on Counts 1 and 2 to

188 months' imprisonment, and imposed a total 248-month sentence. Hernandez did not appeal this ruling.

### III.  THIRD § 3582(c)(2) MOTION

In October 2015, Hernandez filed his third § 3582(c)(2) motion, which is the subject of this appeal. Hernandez's third § 3582(c)(2) motion, like his first motion, was based on Amendment 599. In it, Hernandez asked the district court to reconsider its April 2012 ruling, arguing that the facts upon which the district court had based its earlier denial had changed. Hernandez argued that he had not lied to the probation officer about his criminal history during his underlying criminal proceedings by concealing prior arrests. Hernandez attached letters from state prosecutors indicating that pending charges against Hernandez in New York and Pennsylvania had been withdrawn. The district court denied this motion, pointing out that Hernandez had filed the same motion for a reduction in 2011 and that the prior motion had been denied.

### IV.  DISCUSSION

On appeal, Hernandez argues that the district court procedurally erred by failing to adequately explain its reasons for denying his second § 3582(c)(2) motion based on Amendment 599. We do not reach that issue, however, because the district court lacked jurisdiction to consider Hernandez's second § 3582(c)(2) motion based on Amendment 599.

4

Pursuant to § 3582(c)(2), the district court may reduce a defendant's prison term if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). To determine whether a sentence reduction is warranted, the district court "must engage in a two-part analysis." United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). At the first step, the district court determines whether the applicable retroactive amendment lowered the defendant's guidelines range. Id.; U.S.S.G. § 1B1.10(b)(1). If so, at the second step, the district court must decide whether to exercise its discretion to impose a new sentence under the amended guidelines range or retain the original sentence. Bravo, 203 F.3d at 781. At this second step, the district court considers some of the § 3553(a) sentencing factors and the nature and severity of danger to any person posed by a sentence reduction, and it may also consider the defendant's post-sentencing conduct. United States v. Smith, 568 F.3d 923, 927 (11th Cir. 2009).

Section 3582(c)(2) "contains no language that places a limitation on the district court's jurisdiction to consider successive motions based on the same amendment to the Sentencing Guidelines." United States v. Anderson, 772 F.3d 662, 667 (11th Cir. 2014). However, if the denial of the first motion based on the same amendment is on the merits—that is, a denial based on the second step of the

5

§ 3582(c)(2) analysis—it constitutes "in essence, a new sentence . . . . [in which the district court] chooses to resentence the defendant to the same term of imprisonment after considering various factors." Id. As such, the district court lacks jurisdiction to modify or vacate the re-imposed sentence except: (1) where the Bureau of Prisons has filed a motion and either extraordinary or compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) by statute or under Federal Rule of Criminal Procedure 35, which provides 14 days to correct a sentence for clear error; or (3) where a defendant was sentenced to a term of imprisonment based on a guideline range that was subsequently lowered by the Sentencing Commission. See id. at 667-68; see also United States v. Phillips, 597 F.3d 1190, 1195-96 (11th Cir. 2010) (holding that the district court lacked jurisdiction to consider a motion for reconsideration after it reduced Phillips's sentence under § 3582(c)(2)). Thus, once the original sentence is re-imposed pursuant to § 3582(c)(2), the strictures of Rule 35 apply "and the district court only has fourteen days to correct a sentence for clear error." Anderson, 772 F.3d at 667.

Here, the district court denied Hernandez's first § 3582(c)(2) motion based on Amendment 599 on the merits. That is, the district court found that Amendment 599 lowered Hernandez's advisory guidelines range, but determined that a sentence reduction was unwarranted based on the § 3553(a) factors and the

fact that his sentence remained within the new guidelines range.  Therefore, the district court's April 20, 2012 order denying the first § 3582(c)(2) in effect re-imposed the original sentence.  Under Rule 35(a) and this Court's precedent in Anderson, after fourteen days from the entry of the April 20, 2012 order, the district court lacked jurisdiction to entertain a subsequent § 3582(c)(2) motion based on the same guidelines amendment.

Accordingly, we vacate the district court's order denying Hernandez's second § 3582(c)(2) motion based on Amendment 599 and remand for the district court to enter an order dismissing that § 3582(c)(2) motion for lack of jurisdiction.

**VACATED AND REMANDED.**